1

2

3

4

5

6

7

8                   **UNITED STATES DISTRICT COURT**

9                   **EASTERN DISTRICT OF CALIFORNIA**

10

11   LEONARD A. SLAVEN,                    )   Case No.: 1:20-cv-00606-AWI-JLT (HC)
                                           )
12          Petitioner,                    )   FINDINGS AND RECOMMENDATION TO
                                           )   DENY RESPONDENT'S MOTION TO DISMISS
13      v.                                 )
                                           )   (Doc. 15)
14   C. PFEIFFER, Warden,                  )
                                           )   [TWENTY-ONE DAY OBJECTION DEADLINE]
15          Respondent.                    )
                                           )
16   _____       )

17          On April 29, 2020, Petitioner filed a Petition for Writ of Habeas Corpus. (Doc. 1.) The

18   Respondent has moved the Court to dismiss the action. (Doc. 15.) Petitioner filed an opposition on

19   September 24, 2020. (Doc. 17.) Respondent did not file a reply to the opposition. The Court

20   recommends that the motion to dismiss be **DENIED** and the Petitioner be directed to file an amended

21   petition.

22                              **DISCUSSION**

23   I.      Procedural Grounds for Motion to Dismiss

24          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

25   if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

26   relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Rules

27   Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those

28   brought under § 2254 at the Court's discretion.  See Rule 1 of the Rules Governing Section 2254

1

Cases.  Civil Rule 81(a)(4) provides that the rules are applicable "to proceedings for habeas corpus . . . to the extent that the practice in those proceedings is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases and has previously conformed to the practice in civil actions."  Fed. R. Civ. P 81(a)(4).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

Because the motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a

1   federal constitutional claim.  Duncan, 513 U.S. at 365-66.  In Duncan, the United States Supreme

2   Court reiterated the rule as follows:

3           In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state
        remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in
4       order to give the State the "opportunity to pass upon and correct alleged violations of the
        prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to
5       be given the opportunity to correct alleged violations of prisoners' federal rights, they
        must surely be alerted to the fact that the prisoners are asserting claims under the United
6       States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a
        state court trial denied him the due process of law guaranteed by the Fourteenth
7       Amendment, he must say so, not only in federal court, but in state court.

8   Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

9           Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal
        claims in state court *unless he specifically indicated to that court that those claims were*
10      *based on federal law.*  See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000).
        Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must*
11      *make the federal basis of the claim explicit either by citing federal law or the decisions*
        *of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d
12      882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982)), or the
        underlying claim would be decided under state law on the same considerations that would
13      control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-
        07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

14
        In Johnson, we explained that the petitioner must alert the state court to the fact that the
15      relevant claim is a federal one without regard to how similar the state and federal
        standards for reviewing the claim may be or how obvious the violation of federal law is.
16

17  Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by* Lyons v.

18  Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

19          Petitioner raised three grounds for relief in his federal habeas petition, and as Respondent

20  describes, the three grounds contain a number of sub-claims. (Doc. 15 at 2-3.) In his opposition,

21  Petitioner states that he would like to "drop all [claims] but ineffective counsel." (Doc. 17 at 1.) Thus,

22  the Court will recommend that all of Petitioner's claims except for his claim for ineffective assistance

23  of counsel, be dismissed.

24          Respondent contends in his motion to dismiss that the ineffective assistance of trial counsel

25  claims raised by Petitioner in his state review petition do not exhaust the ineffective assistance of

26  counsel claims he raised in his federal petition. (Doc. 15 at 3.) Specifically, Petitioner argued in his

27  review petition that trial counsel did not object to the forensic interviewers' testimony, opinions, and

28  findings of victim sincerity. (Doc. 16-2 at 10-14.) He also argued that defense counsel did not object to

the prosecution's characterization of reasonable doubt as a gut feeling. (Doc. 16-2 at 19-21.) Respondent contends that in his federal petition, Petitioner does not identify what objections he had asked counsel to make, and consequently, it is difficult to conclude that his review petition served to exhaust the grounds raised in his federal petition. (Doc. 15 at 3.) Regarding the other sub-claims, Respondent argues that while Petitioner argued in his state review petition that counsel erred by introducing evidence related to Petitioner's prior California Penal Code section 422 conviction (namely that the conviction was a prior strike conviction and resulted in a prison sentence), he never challenged the length of his sentence or the manner in which it was calculated. (Doc. 15 at 4.) Further, Respondent contends that Petitioner's allegation in his state review petition that defense counsel was ineffective for eliciting damaging and prejudicial testimony from Dr. Urquiza regarding Child Sexual Abuse Accommodation Syndrome did not exhaust the remainder of his ineffective assistance of counsel claims. (Doc. 15 at 4.)

Because Petitioner requests to pursue only his ineffective assistance of counsel claim and it is unclear whether Petitioner's claim is exhausted, the Court will provide Petitioner an opportunity to amend his petition to state his claim for ineffective assistance of counsel and to demonstrate exhaustion.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the motion to dismiss be DENIED and the Petitioner be directed to file an amended petition related only to his claim for ineffective assistance of counsel and to demonstrate exhaustion and that all other claims be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten court days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __November 15, 2020__              _____/s/ Jennifer L. Thurston__
                                           UNITED STATES MAGISTRATE JUDGE