# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD A. SLAVEN, | Case No.: 1:20-cv-00606-AWI-JLT (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS |
| v. | |
| PATRICK COVELLO, | (Doc. 25) |
| Respondent. | [TWENTY-ONE DAY OBJECTION DEADLINE] |

On April 29, 2020, Petitioner filed a Petition for Writ of Habeas Corpus. (Doc. 1.) The Respondent moved the Court to dismiss the action (Doc. 15), and the Court denied the motion to dismiss, dismissed all of Petitioner's claims except for his claim for ineffective assistance of counsel and directed Petitioner to file an amended petition (Doc. 20). On January 29, 2021, Petitioner filed a first amended petition. (Doc. 22.) On April 2, 2021, the Respondent filed a motion to dismiss the amended petition. (Doc. 25.) Petitioner filed an opposition on April 14, 2021. (Doc. 27.) The Court recommends that the motion to dismiss be **GRANTED** and the petition be **DISMISSED**.

## DISCUSSION

I.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Rules

Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(4) provides that the rules are applicable "to proceedings for habeas corpus . . . to the extent that the practice in those proceedings is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases and has previously conformed to the practice in civil actions." Fed. R. Civ. P 81(a)(4).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

Because Respondent's motion to dismiss in this case is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66. In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by* Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Petitioner did not properly present his sole federal claim in the state courts. As Respondent argues, though Petitioner raised an ineffective assistance of counsel claim in his state review petition, the claim is not the same claim being argued in the amended federal petition. (Doc. 25 at 3.) Petitioner raises one ground in his amended federal habeas petition, which includes several sub-claims. (Doc. 22 at 3.) Petitioner alleges that trial counsel was ineffective for (a) not objecting to the great bodily injury enhancement; (b) not allowing Petitioner to be prepared for trial; (c) lying to Petitioner; (d) not trying to defend Petitioner; (e) not filing an appeal; (f) not asking the questions Petitioner proposed for fear the judge would get mad; and (g) not making the objections Petitioner proposed for fear it would anger

the judge. (Id.) However, Petitioner argued in his state review petition that trial counsel did not object to the forensic interviewers' testimony, opinions, and findings of victim sincerity. (LD 2 at 10-14.)[1] He also argued that defense counsel did not object to the prosecution's characterization of reasonable doubt as a gut feeling. (LD 2 at 19-21.)

Respondent asserts that the ineffective assistance of counsel claim alleged in the amended federal petition appears to allege that multiple objections should have been made. (Doc. 25 at 3.) However, as Respondent contends, in his amended federal petition, Petitioner does not identify the objections he had asked counsel to make. (Id.) Because Petitioner has not properly presented his claim for federal relief in the state courts, the Court will recommend dismissal of the petition for failure to exhaust state remedies. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 27, 2021**  _/s/ Jennifer L. Thurston_
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] "LD" refers to the documents lodged by Respondent with the motion to dismiss.

4